(No. 82-CC-1395—

WILLIE B. HADLEY, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed September 11, 1985.*

WILLIE B. HADLEY, *pro se*, for Claimant.

NEIL F. HARTIGAN, Attorney General (SUE MUELLER, Assistant Attorney General, of counsel), for Respondent.

POCH, J.

Claimant, an inmate of an Illinois correctional institution brought suit against Respondent for "prisoner's pay" of which Claimant was deprived while he was in disciplinary segregation, at Menard Correctional Center.

A hearing was held before a Commissioner of this Court.

Claimant's case rests on the theory that another inmate, one Wilson, who was housed in disciplinary segregation with Claimant at Menard Correctional Center, was paid "prisoner pay" while in disciplinary segregation and that, according to the policy of Menard Correctional Center, Claimant did not receive comparable "prisoner pay" while in circumstances identical to that of the inmate who did in fact receive "prisoner pay" for the same period of time.

The record in this cause establishes that institutional policy covering inmates subject to disciplinary segregation requires that their normal "prisoner pay" be withheld during periods of disciplinary segregation. The

record further demonstrates that the inmate in question, who apparently received "prisoner pay" for time spent in disciplinary segregation, received the pay as a result of the fact that the "ticket" pursuant to which that inmate was incarcerated in disciplinary segregation had been "expunged." The record further conclusively demonstrates that in such an incident, in accordance with institutional policy, the inmate's "prisoner pay" was reinstated and was paid to him for the period of time that the inmate was incarcerated in disciplinary segregation on the ticket that was later expunged.

Under these circumstances, Claimant's proof supports no theory of recovery against Respondent.

Based on the foregoing, it is hereby ordered that this claim hereby be denied.